## C. V. Ledoux et al. *v.* Harriet M. Murray et al.

Where in a suit to compel the defendant to render an account, an order to file the account has been made, and a judgment by default taken on the petition for want of an answer, the refusal of the defendant to comply with the order, although a good ground for his arrest and punishment, for contempt of the authority of the court, will not deprive the defendant of the right to file his account at any time before the judgment by default is made final.

APPEAL from the District Court of the Parish of Rapides, *Cullom,* J.

*W. B. Lewis* and *Hyman & Cazabat,* for plaintiffs. *J. H. C. Barlow* and *M. Canfield,* for defendants and appellants.

VOORHIES, J. The defendants, *Harriet M. Murray,* as principal, and *S. W. Henarie,* as surety, executed a bond for the sum of $7,567 50 in favor of *C. V. Ledoux* and the creditors of the firm of *J. F. Murray & Co.* " The condition of this obligation (the instrument reads) is such, that, whereas it is necessary for the purpose of collecting the debts due the commercial firm of *J. F. Murry & Co.,* that some one should be appointed to act therein; and now, whereas *Mrs. H. M. Murray* is willing, with the assent of the said *C. V. Ledoux,* to take upon herself the duties and responsibilities of such collection; now, if the said *Mrs. Murray* shall well and faithfully discharge the duties of said trust, then this obligation to be null and void, else to remain in full force and effect."

*C. V. Ledoux,* acting in his own name and on behalf of the creditors of the firm of *J. F. Murray & Co.,* sued the parties for a rendition of account, and, in default of their complying with this demand, he prayed for judgment for the amount of the penal obligation.

The defendants waived service of the foregoing petition; and on the 16th day of May, 1857, judgment by default was entered against them. Subsequently, the defendant, *Harriet M. Murray,* was ordered to file an account; but, this order not having been served upon her, she was again ordered to the same effect, and served with a copy of the order. The case was repeatedly fixed for trial, although no account nor answer had ever been filed; and on the 23d day of November, the case having been reached and called for trial, the defendants offered to file an account and an answer.

The District Judge refused to let in the account at that stage of the proceedings, because the defendant had had abundant time to comply with the order of court to that effect, but had refused or neglected to do so. This was a good reason why the court should have proceeded, in the meantime, to have the parties arrested for a contempt of its authority, and dealt with accordingly. But it is never too late, before a case is at issue and fixed for trial, for the defendant to file an account in compliance with a previous order of court. The Code of Practice, Art. 463 provides that, " as soon as the answer has been filed in a suit, the clerk shall set down the cause on the docket of the court, in order that it be called in its turn, and a day fixed for its trial." In this case, although no answer has ever been filed, the court proceeded to assign a day for trial : the defendant could not be prejudiced by this order. It is true that the plaintiff could, at any time after the lapse of the judicial days, make the judgment by default final on motion; but this is not the course pursued by him in this instance. He could not prevent the defendant, at any time before making the judgment by default final, from putting the case at issue by filing an answer.

LEDOUX
v.
MURRAY.

This case must be remanded for the purpose of allowing the defendants to file an account and joining issue. With regard to the exception which the District Court would not allow the defendants to file after judgment by default, we express no opinion as to the right of the defendant on its merits. The exception should have been filed, subject to be afterwards overruled by the court, if the case justified the ruling.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that this case be remanded for further proceedings; the plaintiffs and appellees paying the costs of appeal.